NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1349
_____

ADAM J. HAMMOND,

Appellant

v.

UNITED STATES LIABILITY INSURANCE COMPANY & GROUP

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-00847)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2016

Before: McKEE, Chief Judge, AMBRO, and SCIRICA, Circuit Judges

(Opinion filed : March 10, 2016)

_____

OPINION[*]
_____

AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Adam Hammond appeals the District Court's entry of judgment on the pleadings in favor of United States Liability Insurance Company & Group ("USLI") on the issues of breach of contract and bad faith in connection with the insurance policy Hammond had with USLI (the "Policy"). Because the District Court correctly concluded that USLI had no duty to defend or indemnify Hammond and properly rejected Hammond's claims of contract breach and bad faith, we affirm.[1]

## I.  Background

Transportation Compliance Associates, Inc. ("TCA") is a corporation that assists other companies in complying with regulatory requirements when transporting hazardous materials ("hazmat"). In December 2010, TCA hired Hammond, an independent computer system consultant, to develop, design, and program new hazmat transportation compliance software for TCA's contract with Amazon.com. Hammond thought this business relationship would ultimately lead to a joint venture, in which TCA would expand its license for use of the new compliance software that Hammond was contracted to develop.

Relying on this belief, Hammond began working with LANtek, a technology information company, on the design, development, and implementation of the new software largely based on concepts and ideas that Hammond had developed. Soon after, Hammond discovered that TCA had "reneged" on their promise to form a joint venture.

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

It had instead decided to work directly with LANtek on the new software without Hammond's participation. As a result, Hammond terminated his relationship with TCA.

### A. The Underlying Action

In December 2011, TCA and LANtek filed a declaratory judgment action against Hammond asserting ownership of the software as their intellectual property. An amended complaint raised claims for breach of contract, conversion, and intentional interference with existing and prospective contractual relations. After each pleading was filed, Hammond notified USLI and requested defense and indemnification coverage under his "Businessowners Coverage" and "Technology Professional Liability" Policy provisions for all claims asserted by and against him in connection with the lawsuit. Both times USLI denied coverage.

In March 2012, Hammond filed an answer and counterclaims. TCA and LANtek filed a motion to dismiss Hammond's counterclaims, which the District Court granted in part and denied in part by dismissing all but the breach-of-contract counterclaim. Thereafter, TCA and LANtek filed an answer that requested, among other things, "reasonable attorney fees, expenses, and costs for Hammond's bad faith and other wrongful conduct, pursuant to [,] *inter alia* [,] 12 Pa.C.S. § 5305 and 17 U.S.C. § 505[.]" App. at 27a. Hammond sought coverage a third time under the "malicious prosecution" provision of the Policy, but USLI again refused.

In June 2012, TCA and LANtek responded to Hammond's Request for Admissions, in which they admitted their prayer for relief was "based on conduct that also supports a malicious prosecution and/or abuse of civil proceedings claim." App. at

3

47a—48a. In a fourth attempt to seek coverage, Hammond sent this admission to USLI, but coverage was denied for the final time. Later that month, the parties settled their claims and counterclaim.

## B. The Current Action

In June 2014, Hammond brought this action, alleging that USLI breached the insurance contract and acted in bad faith when it denied coverage to him in the underlying action. On USLI's motion, the District Court entered a judgment on the pleadings in favor of USLI; it also denied Hammond's motion for partial summary judgment.

As for breach of contract, the District Court concluded USLI properly denied Hammond's first two requests for coverage. It reasoned that nothing in TCA and LANtek's initial or amended complaint triggered coverage. Under the Policy, USLI agreed to pay any loss that Hammond was legally obligated to pay "because of a Claim(s) first made against [him] during the Policy Period . . . for Wrongful Acts of [Hammond]." App. at 181a. However, the Policy defined "Claim" as "a demand for money as compensation for a Wrongful Act." *Id.* "Wrongful Act" was "any actual or alleged error, omission, neglect or breach of duty, Personal Injury, unintentional introduction of a Malicious Code or unintentional failure to prevent unauthorized access to or use of any electronic system or program of a third party[.]" App. at 183a. TCA/LANtek's initial complaint contained no claims that demanded money as compensation for a wrongful act by Hammond. Further, it made no claim against Hammond for malicious prosecution.

4

The District Court also observed that USLI properly denied Hammond's third and fourth requests for coverage. Hammond asserted that TCA and LANtek's request for attorney fees in the prayer for relief amounted to malicious prosecution. His argument relied on the Policy including coverage for a "personal and advertising injury" and "malicious prosecution" contained in the definition of "personal injury," App. at 140a. The Court held otherwise. Moreover, Hammond's Policy specifically excluded coverage for any "loss, cost, or expense" "[a]rising out of any infringement of copyright, patent, trademark, trade secret or other intellectual property rights." App. at 133a-34a. As a result, this challenge also failed because the request for relief relied on Hammond's alleged misappropriation of trade secrets made in bad faith and/or copyright infringement.

Having concluded that USLI did not breach any of its contractual obligations, the Court held that Hammond failed to meet his burden to show that USLI acted in bad faith in refusing him coverage.

This appeal followed.

**II.     Discussion**

"We review the District Court's interpretation of the insurance policies de novo." *Alexander v. Nat'l Fire Ins. of Hartford*, 454 F.3d 214, 219 n.4 (3d Cir. 2006). Our Court's review of a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is plenary. *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002). Like the District Court, we "view the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff," and the motion

should not be granted "unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *Id*.

On appeal, Hammond contends that the District Court erred in determining that USLI was not obligated to indemnify him for the judgments against him and in rejecting his claims for breach of contract and bad faith. We disagree.

### A. Breach of Contract

The language of the Policy states that USLI would provide a defense against any "suit" in which Hammond became legally obligated to pay covered damages because of a "personal and advertising injury," defined as any injury arising out of malicious prosecution. App. at 140a.

Although no malicious prosecution claim was ever filed against him, Hammond argues that the TCA and LanTEK's request for attorney's fees "triggered" the malicious prosecution provision in the Policy because attorney's fees would be available in a malicious prosecution action. Citing our decision in *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500 (3d Cir. 2012), he reasons that any request for sanctions that involves the same type of relief as a cause of action covered by the Policy triggers the duty to defend. But in *Post* the relevant policy covered suits for money damages, and the issue was whether an answer to a sanctions petition seeking money damages converted the sanctions proceeding into a "civil proceeding that seeks damages." *Id.* at 506, 518. Because the party threatened Post many times with a malpractice suit and "asserted its malpractice claim in no uncertain terms," we determined that a claim was made even

6

though "damages were not explicitly demanded." *Id.* at 518. Thus the sanctions proceeding was a disguised malpractice claim.

In this context, it is unclear if TCA and LanTEK even intended to pursue a malicious prosecution claim. *Post* therefore does not transform one line of a prayer for relief into a malicious prosecution claim. USLI correctly denied coverage because "requesting an award of prevailing party fees pursuant to 12 Pa.C.S.A. § 5305(1) is not equivalent to bringing a claim for malicious prosecution . . . ." Hammond's Br. at 23; *see* App at. 66a.

Hammond also asserts that TCA and LanTEK's response in Hammond's Request for Admission was in effect a malicious prosecution claim. However, TCA and LanTEK could not have brought a claim for malicious prosecution because it requires, among other things, that the underlying lawsuit be terminated in the plaintiff's favor, 42 Pa.C.S. § 8354, and that never happened in this case. Hammond attempts to rely on *Consulting Engineers v. Ins. Co. of North Am.*, 710 A.2d 82 (Pa. Super. Ct. 1998), which holds that a malicious prosecution claim accrues for purposes of determining whether an insurance policy was in effect when the underlying suit is filed. *Id.* at 88. It does not support that we should infer a malicious prosecution claim that was not and could not have been pleaded.

In any event, the intellectual property exception to the Policy precluded coverage. To repeat, that exception bars coverage for "personal and advertising injury" "[a]rising out of any infringement of copyright, patent, trademark, trade secret or other intellectual property rights." App. at 133a-34a. The basis for the claim of attorney's fees here was

under 12 Pa.C.S. § 5305 and 17 U.S.C. § 505, which allow shifting of attorney's fees in cases of bad faith trademark and copyright claims, respectively. Though no intellectual property claim was filed against Hammond, the basis of the request for attorney's fees was an alleged infringement by him of TCA and LanTEK's intellectual property rights. Hence the intellectual property exception precludes coverage.

## B. Bad Faith

The District Court properly granted judgment on the pleadings to USLI on Hammond's bad faith claim. Having concluded that USLI owed no duty of indemnity to Hammond, it is hard to conceive how USLI could have acted in bad faith by failing to defend him. In any event, it is a "rare" case in which an insurer is liable for bad faith when there is no duty to provide coverage. *See Post*, 691 F.3d at 524.

To succeed on his claim under Pennsylvania law, Hammond must establish by "clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005). Hammond failed to provide any evidence that could satisfy either prong. USLI thus acted reasonably in assessing Hammond's claim during the underlying action. Further, it investigated the claim, continued to monitor the events of the underlying action, and consulted coverage counsel for guidance as to its obligations.

In the alternative, Hammond argues that the District Court erred when it concluded that his bad faith claim would be barred by Pennsylvania's two-year statute of limitations. He claims that the statute of limitations did not begin to run until the "final

8

rejection" of coverage on June 27, 2012 because all prior rejections were "withdrawn pending further investigation." Hammond's Br. at 35. We find this argument unpersuasive.

Hammond relies solely on USLI's statement on May 18, 2012 that it was "going to get an opinion from coverage counsel and then . . . get back to [him]." App. at 62a. However, just a day before, USLI reiterated that "there continues to be no coverage for Mr. Hammond in this matter." App. at 66a. Also, in that "final rejection" in June 2012, USLI reaffirmed that "it *remains* this Company's position that no coverage exists for the Amended Complaint against Mr. Hammond." App. at 59a (emphasis added). Because we have held that a claim for bad faith accrues when "the insurer first provide[s] definite notice of a refusal to indemnify or defend," *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 224 (3d Cir. 2005), we agree with the District Court's conclusion.

* * * * *

For these reasons, we conclude, as did the District Court, that USLI had no duty to defend or indemnify Hammond in the underlying action. Judgment in favor of USLI on the breach of contract and bad faith claims is affirmed.[2]

---

[2] Because we are affirming the District Court's judgment on the pleadings, we need not address the Court's additional ruling that denied Hammond's motion for partial summary judgment.

9