J-A05020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ADAM J. HAMMOND & GERALD J. IWANEJKO, JR. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES LIABILITY INSURANCE COMPANY & GROUP AND MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN P.C. | : | No. 950 WDA 2019 |

Appeal from the Order Entered May 28, 2019
In the Court of Common Pleas of Lawrence County Civil Division at
No(s):  #2018-10233

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                      **FILED MAY 07, 2020**

Adam J. Hammond and Gerald J. Iwanejko, Jr., Esquire (collectively "Plaintiffs"), appeal from the order that sustained preliminary objections filed by United States Liability Insurance Company & Group ("USLI") and Marshall Dennehey Warner Coleman & Goggin P.C. ("Marshall Dennehey") (collectively "Defendants") and dismissed Plaintiffs' amended complaint.  We affirm.

In 2011, Hammond worked with Transportation Compliance Associates, Inc. ("TCA") to develop computer software for tracking compliance with hazmat transportation regulations.  Pursuant to his business agreement with TCA, Hammond purchased a professional liability insurance policy through USLI and began consulting with software firm LANtek.  After TCA opted to

_____

[*] Retired Senior Judge assigned to the Superior Court.

discontinue its relationship with Hammond, TCA and LANtek filed a declaratory judgment action to determine ownership of the regulatory compliance software, and also asserted tort and contract claims against Hammond. Hammond contacted USLI about the claims, but USLI denied coverage. Hammond filed counterclaims, which TCA and LANtek claimed were raised in bad faith warranting an award of attorney fees and costs. Hammond returned to USLI and renewed his request for a defense and coverage with respect to these new allegations of misconduct, but USLI again declined. TCA, LANtek, and Hammond ultimately resolved the dispute by stipulation, and Hammond obtained discharge of his outstanding financial obligations through bankruptcy.

Hammond sued USLI in federal court for breach of contract and bad faith based upon its refusal to provide a defense and coverage. USLI, represented by Marshall Dennehey, prevailed in the action upon the grant of judgment on the pleadings. Specifically, the district court determined that USLI properly declined to defend Hammond based upon an intellectual property exclusion contained in the relevant policy. ***See Hammond v. U.S. Liab. Ins. Co.***, 14CV0847, 2015 WL 401503, at *12 (W.D.Pa. January 28, 2015) (indicating that Section II of the business owner's coverage of the policy "excludes coverage for any 'loss, cost, or expense' arising out of any 'infringement of copyright, patent, trademark, trade secret or other intellectual property rights'"). Hammond appealed to the Court of Appeals for the Third Circuit,

arguing, *inter alia*, that the district court erroneously relied upon language that is not actually found in the policy exclusion, while USLI advocated for affirmance based upon the exclusion. Ultimately, the Third Circuit affirmed the dismissal and the United States Supreme Court denied Hammond's petition for a writ of *certiorari*. **See Hammond v. U.S. Liab. Ins. Co. & Grp.**, 643 Fed.Appx. 92, 96 (3d Cir. 2016) (holding, in the alternative, that the policy "bars coverage for 'personal and advertising injury' 'arising out of any infringement of copyright, patent, trademark, trade secret or other intellectual property rights'"), **cert. denied**, 137 S.Ct. 182 (2016).

Plaintiffs thereafter initiated the instant action. In their amended complaint, Hammond stated a claim against both Defendants for abuse of process based upon their reliance in the Third Circuit upon the "loss, cost or expense" language that is not found within the exclusion.[1] Attorney Iwanejko averred a count of intentional interference with contractual relations, contending that Defendants' misrepresentation about the "loss, cost or

---

[1] The record reflects that the intellectual property exclusion to the policy's business liability coverage provides: "This insurance does not apply to . . . 'Personal and advertising injury' . . . arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights." **See** Amended Complaint, 4/23/19, at Exhibit C, Section II, ¶ B.1.p.(13). On the page of the policy immediately preceding that exclusion, a different paragraph excludes coverage "With respect to any loss, cost or expense" arising out of a demand or suit concerning testing or removal of pollutants. **See id**. at Exhibit C, Section II, ¶ B.1.p.(11). However, whether the difference in language impacts the applicability of the exclusion is not relevant to the issue before us in this appeal.

expense" language deprived him of his contingency fee in the underlying litigation.

Defendants filed preliminary objections claiming that they are immune from any tort liability that is premised upon the content of their pleadings in the federal litigation because such statements in judicial proceedings are absolutely privileged. The trial court agreed, and entered an order sustaining Defendants' preliminary objections and dismissing Plaintiffs' amended complaint with prejudice. Plaintiffs filed a timely notice of appeal, and both Plaintiffs and the trial court complied with Pa.R.A.P. 1925.

Plaintiffs present the following question for our review:

Whether reversible error was committed in the decision to dismiss the claims set forth in the Amended Complaint on the basis of judicial privilege since it is contrary to applicable precedent . . . holding that judicial privilege does not operate to bar abuse of process and/or interference with contract claims under factual circumstances similar to those involved in this case.

Plaintiffs' brief at 10 (cleaned up).

We begin with a review of the applicable law.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the plaintiff's complaint. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Thus, our scope of review is plenary and our standard of review mirrors that of the trial court. Accepting all material averments as true, we must determine whether the complaint adequately states a claim for relief under any theory of law.

**Keller v. Bank of New York Mellon**, 212 A.3d 52, 56 (Pa.Super. 2019) (cleaned up).

Upon a review of the certified record, the parties' briefs and the relevant law, we conclude that the opinion that the May 28, 2019 opinion authored by the Honorable Dominick Motto thoroughly addresses and properly disposes of Plaintiffs' arguments. *See* Trial Court Opinion, 5/28/19, at 7, 9-12 (discussing the applicable Pennsylvania precedent concerning judicial privilege and correctly applying it to conclude that it bars Plaintiffs' claims, which are based solely upon a communication in a judicial proceeding); *id*. at 8-9 (distinguishing the non-binding federal court decisions upon which Plaintiffs rely). Therefore, we adopt President Judge Motto's May 28, 2019 opinion as our own and affirm on the bases stated therein.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2020

ADAM J. HAMMOND and
GERALD J. IWANEJKO,

              Plaintiffs,

VS.

UNITED STATES LIABILITY
INSURANCE COMPANY & GROUP, and
MARSHALL DENNEHEY WARNER
& GOGGIN P.C.,

              Defendants.

IN THE COURT OF COMMON PLEAS

LAWRENCE COUNTY, PENNSYLVANIA

CIVIL DIVISION

NO. 10233 OF 2018, C.A.

## APPEARANCES

For the Plaintiffs:     Gerald J. Iwanejko, Esq.
229 Hickory Hill Drive
Volant, PA 16156


For the Defendants:    James A. McGovern, Esq.
Marshall, Dennehey, Warner
Coleman & Goggin
Union Trust Building
Suite 700
Pittsburgh, PA 15219

## OPINION

MOTTO, P.J.                           May 28, 2019

This case is before the Court for disposition of the Preliminary Objections to Plaintiffs' Amended Complaint filed on behalf of the defendants, United States Liability Insurance Company (hereinafter "USLI") and Marshall, Dennehey, Warner, Coleman & Goggin P.C. (hereinafter "Marshall Dennehey"), which assert that both Counts contained in Plaintiffs' Amended Complaint, abuse of process and intentional interference with a contractual relationship, are legally insufficient as the alleged tortious conduct, consisting of alleged misrepresentations of contract language, was privileged because the alleged wrongful

FILED/ORIGINAL

2019 MAY 28 PM 2: 27

JODI KLABON-ESOLDO
PRO AND CLERK

statements were made during the course of litigation in Federal Court. Defendants' also contend that Plaintiffs' claims are precluded by the doctrine of *res judicata* as Plaintiffs already presented, during the litigation in Federal Court, their contention Defendants used nonexistent language while asserting the underlying claims were not covered by the insurance policy pursuant to the intellectual property exclusion.

The facts as alleged in the Amended Complaint are as follows: From December 21, 2010 until December 12, 2011, the plaintiff, Adam J. Hammond (hereinafter "Hammond"), worked as an independent software developer and consultant for Transportation Compliance Associates, Inc. (hereinafter "TCA"), which was engaged in providing consulting services for transporting hazardous materials. During that time, Hammond developed computer software that facilitated compliance with HAZMAT transportation regulations. TCA and Hammond reached an agreement concerning expanded licenses for the Regulatory Compliance Software, in which Hammond would receive fifty percent of the business to be obtained based upon the software. As part of that agreement, Hammond purchased a Business Owners & Technology Professional Liability Insurance Policy for a one-year term commencing on November 21, 2011 through USLI.

Based upon the aforementioned agreement with TCA, Hammond began consulting with LANtek, a software firm, by directing the design and programming of a new computer system for TCA's use in processing HAZMAT transportation compliance, which was based upon the Regulatory Compliance Software previously developed by

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

Hammond. However, TCA eventually decided not to continue its business relationship with Hammond. Instead, TCA moved forward with LANtek in implementing HAZMAT transportation compliance software.

On December 16, 2011, TCA and LANtek filed a declaratory judgment action in the United States District Court for the Western District of Pennsylvania seeking the Court declare them the owners of the intellectual property rights for the Regulatory Compliance Software. They subsequently filed an Amended Complaint containing claims for breach of contract, conversion and intentional interference with existing and prospective contractual relations. Hammond notified USLI of those pleadings and requested indemnification or coverage under the insurance policy he purchased. However, USLI denied coverage for those claims. Hammond filed an Answer and Counterclaims to TCA and LANtek's Amended Complaint asserting claims for violations of the Pennsylvania Uniform Trade Secrets Act, unfair competition, breach of contract or promissory estoppel, fraud and breach of fiduciary duty. On April 25, 2012, the District Court granted in part TCA and LANtek's motion to dismiss counterclaim and dismissed all of Hammond's counterclaims except for the breach of contract or promissory estoppel claim.

TCA and LANtek also filed an Answer to Defendant's Counterclaims on May 9, 2012, which requested the Court "award Plaintiffs their reasonable attorney fees, expenses and costs for Hammond's bad faith and other wrongful conduct, pursuant to *inter alia* 12 Pa.C.S.A. § 5305 and 17 U.S.C. § 505." Hammond then

FILED/ORIGINAL

2019 MAY 28 PM 2: 27

JODI KLABON-ESOLDO
PRO AND CLERK

notified USLI of the Answer to Defendant's Counterclaims on May 16, 2012, as he was requesting a defense or indemnification under the malicious prosecution clause of the insurance policy based upon the foregoing prayer for relief. The next day, USLI denied coverage pursuant to the insurance policy. Hammond issued Requests for Admissions to TCA, which included a paragraph in which TCA admitted it was seeking recovery pursuant to the prayer for relief for conduct that also supports malicious prosecution and/or abuse of civil process. This response was provided to USLI on June 27, 2012, to obtain coverage under the malicious prosecution clause of the insurance policy, but coverage was again denied. On June 2, 2012, the parties reached a Joint Stipulated Motion for the Entry of Final Judgment and Dismissal, which dismissed with prejudice all pending claims and counterclaims.

On March 13, 2012, Hammond commenced Chapter 7 Bankruptcy proceedings based upon his inability to meet his financial obligations for the attorney fees incurred during the aforementioned litigation. On June 27, 2013, the United States Bankruptcy Court for the Central District of California discharged all of his outstanding financial obligations.

Hammond also initiated a suit in the United States District Court against USLI on June 26, 2014, for breach of contract and bad faith for refusing to provide a defense for the underlying litigation under the malicious prosecution clause of the insurance policy. On December 11, 2014, USLI filed a Rule 12(c) Motion for Judgment on the Pleadings, which was granted by the Court on January 28, 2015, based upon the application of an intellectual

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

FILED ORIGINAL

2019 MAY 28 PM 2: 27

JODI KLABON-ESOLDO
PRO AND CLERK

property exclusion contained within the insurance policy that excludes coverage arising out of any infringement of intellectual property. Hammond filed and served a Notice of Appeal on February 5, 2015, and, during that appeal, Hammond asserted the District Court committed reversible error because the prayer for relief averred by TCA was sufficient to include malicious prosecution. Hammond also argued that the District Court erred in applying the intellectual property exclusion to defeat insurance coverage based upon the use of "loss, cost or expense" language, which is not found in that exclusion. On appeal, USLI also contended that the District Court should be affirmed by utilizing the same language. Ultimately, the Third Circuit Court of Appeals affirmed the decision of the District Court. Hammond then filed a Petition for Writ of Certiorari with the United States Supreme Court on July 5, 2016, again contending that it was reversible error for the previous courts to use the "loss, cost or expense" language, which cannot be located in the intellectual property exclusion. The Petition for Writ of Certiorari was denied on October 3, 2016.

Hammond and Iwanejko initiated this action against Defendants by filing a Praecipe for Writ of Summons on March 9, 2018, which was reissued on April 6, 2018, April 6, 2018, May 4, 2018, June 1, 2018, June 29, 2018, July 27, 2018, August 24, 2018, and September 18, 2018. Plaintiffs filed their Complaint on October 2, 2018, which was reinstated by Plaintiffs on October 18, 2018, and was served upon Marshall Dennehey on November 7, 2018, and USLI on December 11, 2018. Plaintiffs filed a Petition for Leave to Amend Complaint on October 18, 2018. The Court issued a rule to show

FILED/ORIGINAL

2019 MAY 28 PM 2:27

JODI KLABON-ESOLDO
PRO AND CLERK

cause why Plaintiffs should not be permitted to file an Amended Complaint upon both Defendants, who did not respond to said rule. As a result, Plaintiffs were granted leave to file an Amended Complaint, which they accomplished on April 23, 2019. In the Complaint and Amended Complaint, Hammond asserted a claim against Defendants for abuse of process for allegedly referencing the "loss, cost or expense" language not included in the intellectual property exception. Iwanejko avers a claim for intentional interference with a contractual relationship against Defendants as he was counsel for Hammond in the underlying cases and was deprived of his fifty percent contingency fee due to their alleged misrepresentations of the language contained within the intellectual property exception.

In their Preliminary Objections, Defendants contend the abuse of process and intentional interference with a contractual relationship claims contained within Plaintiffs' Amended Complaint are legally insufficient as the alleged tortious conduct is privileged as it occurred during the underlying litigation in Federal Court.

A demurrer will only be sustained in cases where the complaint fails to set forth a valid cause of action. Lerner v. Lerner, 954 A.2d 1229, 1235 (Pa. Super. 2008) (citing McArdle v. Tronetti, 426 Pa. Super. 607, 627 A.2d 1219, 1221 (1993)). If a doubt exists regarding whether a demurrer should be sustained, the doubt must be resolved in favor of overruling the demurrer. R.W. v. Manzek, 585 Pa. 335, 351, 888 A.2d 740, 749 (2005) (citations omitted). Fact-based defenses are irrelevant when ruling on a

FILED/ORIGINAL

2019 MAY 28 PM 2: 27

JODI KLABON-ESOLDO
PRO AND CLERK

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

preliminary objection in the nature of a demurrer. <u>Werner v. Plater-Zyberk</u>, 799 A.2d 776, 783 (Pa. Super. 2002) (citing <u>Orner v. Mallick</u>, 515 Pa. 132, 135, 527 A.2d 521, 523 (1987)). "A 'speaking demurrer' is defined as 'one which, in order to sustain itself, requires the aid of a fact not appearing on the face of the pleading objected to, or in other words, which alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection and is condemned both by the common law and the code system of the pleading.'" <u>Regal Indus. Corp. v. Crum and Forster, Inc.</u>, 890 A.2d 395, 398 (Pa. Super. 2005) (quoting Black's Law Dictionary 299 (6th ed. 1991)). The Court is not permitted to consider a speaking demurrer in rendering its decision on preliminary objections. <u>Id.</u>

Judicial privilege provides immunity for all communications made during the course of judicial proceedings and are material to the relief sought. <u>Schanne v. Addis</u>, 121 A.3d 942, 947 (Pa. 2015). This privilege covers statements by parties, witnesses, attorneys and judges. <u>Id.</u> The judicial privilege is absolute, regardless of the declarant's intent, the falsity of the statement or whether the statement was made with malice. <u>Id.</u> This is meant to guarantee access to the courts and permits the free articulation and resolution of legal claims.

> "The reasons for the absolute privilege are well recognized. A judge must be free to administer the law without fear of consequences. This independence would be impaired were he to be in daily apprehension of defamation suits. This privilege is also extended to parties to afford freedom of access to the courts, to witnesses to encourage their complete and unintimidated testimony in court, and to counsel to enable him to best represent his client's interest. Likewise, the privilege exits because the courts have other internal

**53RD JUDICIAL DISTRICT**

**LAWRENCE COUNTY PENNSYLVANIA**

FILED OF RECORD

2019 MAY 28 PM 2: 27

JODI KLABON-ESOLDO
PRO AND CLERK

sanctions against defamatory statements, such as perjury or contempt proceedings." Binder v. Triangle Publications, Inc., 275 A.2d 53, 56 (Pa. 1971).

The privilege extends beyond communications made in open court to include pleadings and less formal communications such as preliminary conferences. Pawlowski v. Smorto, 588 A.2d 36, 42 (Pa. Super. 1991). "The policy of providing for reasonably unobstructed access to the relevant facts is no less compelling at the pre-trial stage of judicial proceedings." Moses v. McWilliams, 549 A.2d 950, 958 (Pa. Super. 1988). This protection has traditionally been extended to communications issued in the regular course of judicial proceedings and are pertinent and material to the redress of relief sought. Post v. Mendel, 507 A.2d 351, 355 (Pa. 1986).

Plaintiffs cite to General Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297 (3d Cir. 2003) for the proposition that judicial immunity does not extend to claims for abuse of process as that claim is solely based upon a perversion of the judicial process and immunity would impede a party's ability to assert such a claim. While the Court in General Refractories Co. determined that judicial immunity did not preclude the plaintiff's abuse of process claim, the Court made it abundantly clear that most of the plaintiff's claims were based upon the actions of the defendants in the underlying litigation as opposed to statements made during that pendency of that case. Id., 337 F.3d at 312. The Court stated, "while some communications may be privileged—allowing, for instance, immunity from defamation actions—conduct is clearly susceptible to being punished as abuse." Id. In the underlying

FILED ORIGINAL

2019 MAY 28 PM 2:27

JODI KLABON-ESOLDO
PRO AND CLERK

action, the defendants obstructed discovery utilizing "a clear pattern of delay, stonewalling, deception, obfuscation and pretense" along with ignoring court orders, permitting false testimony at depositions and misrepresenting facts to opposing counsel. Often, the defendants provided incomplete responses or unreasonable objections to reasonable discovery requests requiring court intervention to which the defendants provided hundreds of insignificant, nonsensical or unintelligible pages of materials. Based upon the foregoing, the General Refractories Co. Court the plaintiffs alleged sufficient facts that the defendants abused the judicial process in a manner not protected by the judicial privilege through their conduct in the underlying action, but the statements made in court filings and during argument or trial remained privileged. Id.

Plaintiffs further assert the Court's decision in Silver v. Mendel, 894 F.2d 598 (3d Cir. 1990), maintains that judicial immunity does not preclude claims for intentional interference with a contractual relationship. In that matter, the plaintiff's claim was based upon conduct, which included improperly filing a bankruptcy petition, as opposed to statements made during the pendency of that litigation. As a result, the plaintiff's claim for intentional interference with existing contractual relations was not barred by judicial immunity. Id.

It is important to recognize that judicial immunity has been extended to tort claims beyond defamation in relation to statements made during litigation. In Brown v. Delaware Valley Transplant Program, 539 A.2d 1372 (Pa. Super. 1988), an attorney

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

9

was sued for his representation of Brandywine Hospital in obtaining permission to use an individual's heart and lungs for transplantation by the Court because the hospital informed the attorney that the decedent's identity was unknown. The attorney represented to the Court that the decedent's identity was unknown and the hospital was unable to seek consent from the decedent's next-of-kin. The Court held a hearing and granted the petition. The decedent's heart and kidneys were removed under the auspices of the Delaware Valley Transplant Program. Representatives of the decedent then filed suit against numerous defendants, which included Delaware Valley Transplant Program, Brandywine and the attorney for the hospital for claims of mutilation of a corpse, intentional infliction of emotional distress, civil conspiracy, malicious use of process, assault and battery, and negligent infliction of emotional distress. The attorney filed a demurrer to all claims against him based upon judicial immunity, which was sustained by the trial court. The plaintiffs appealed contending that the trial court erroneously applied the concept of judicial immunity by incorrectly extending it to the tortious behavior of the attorney.

The Brown Court explained that the attorney's only involvement in the case was his preparation of the petition in accordance with the client's instructions and his representation at the hearing. Hence, his actions and statements were clearly privileged pursuant to the doctrine of judicial immunity as they occurred during his representation of Brandywine Hospital. Id. The Court stated, "Contrary to the assertion of appellants, the

10

absolute privilege accorded an attorney in representation of a client in judicial proceedings is not limited to protection against defamation actions. The immunity bars actions for tortious behavior by an attorney other than defamation, so long as it was a communication pertinent to any stage of a judicial proceeding." Id., 539 A.2d at 1374-1375. The Brown Court emphasized that the central determination to be made is whether the pertinent communication was undertaken in connection with representation of a client in a judicial proceeding. Id. Therefore, the Court ruled that the trial court properly dismissed the appellants' claims against the attorney because all of the alleged tortious activities occurred in relation to a judicial proceeding. Id.

In the case *sub judice*, Plaintiffs have averred claims for abuse of process and intentional interference with contractual relations arising from a matter in which Iwanejko represented Hammond in a suit for breach of contract and bad faith filed in Federal District Court against USLI, who was represented by Marshall Dennehey. In that matter, Hammonds claims were based upon USLI's refusal to provide insurance coverage in another case. The District Court dismissed Hammond's claims because USLI properly denied coverage based upon the intellectual properties exception in the insurance policy. In doing so, the District Court made reference to "loss, cost or expense" language, which does not appear in the intellectual property exclusion. Hammond subsequently appealed to the Third Circuit Court of Appeals and argued the District Court committed reversible error because the

55RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

11

prayer for relief averred by TCA was sufficient to include malicious prosecution. Hammond also contended that the District Court erred in applying the intellectual property exclusion to defeat insurance coverage based upon the use of "loss, cost or expense" language, which is not found in that exclusion. During the appeal, USLI argued that the Court of Appeals should affirm the decision of the District Court utilizing similar rationale as the District Court and used the "loss, cost or expense" language, even though, according to Plaintiffs, Defendants knew was not contained within the intellectual property exception.

It is apparent that any alleged tortious conduct by Defendants transpired during the pendency of the underlying Federal litigation as the statements made occurred in pleadings and during oral argument before the Third Circuit Court of Appeals. Moreover, those statements were material to the relief being sought by Plaintiffs. As a result, judicial immunity applies to Defendants references to the "loss, cost or expense" language, which was not contained within the intellectual property exception to the USLI insurance policy. Plaintiff's reliance on the concept that judicial immunity does not apply to abuse of process and intentional interference with contractual relations claims based upon the decisions in General Refractories Co. and Silver is misplaced as both of those case involved actual conduct by the defendants, which included refusing to comply promptly with discovery requests and the actual improper filing of a cause of action. Those circumstances differ greatly to the current case, as the tortious conduct alleged by Plaintiffs are solely based

JJRD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

12

upon statements made by Defendants during the underlying litigation in documents filed with the courts and made during oral argument before the Third Circuit Court of Appeals.

As stated in <u>Brown</u>, judicial immunity applies to all tort claims, not just defamation, and bars actions based upon communications pertinent to any stage of a judicial proceeding. Much like the claims against the attorney in <u>Brown</u>, the claims now being asserted against Defendants arise exclusively from pertinent statements made during the course of litigation and appeal in the underlying Federal Court suit. Therefore, the statements made by Defendants in underlying case are privileged and Plaintiffs' claims in this case are barred by judicial immunity.

Defendants' also contend that Plaintiffs' claims are precluded by the doctrine of *res judicata* as Plaintiffs already presented their contention Defendants referenced nonexistent language while asserting the underlying claims were not covered by the insurance policy pursuant to the intellectual property exclusion during the litigation in Federal Court. Due to Plaintiffs' claims being barred by judicial immunity, it is unnecessary to address Defendants' contention those claims are also precluded by the doctrine of *res judicata*. Moreover, Pa.R.C.P. No. 1030 requires that affirmative defenses, including *res judicata*, must be raised in a responsive pleading under the heading "New Matter", not preliminary objections, unless the complaint "sets forth in detail, either directly or by reference, the facts and issues pleaded by the prior suit". <u>Weiner v. Fox</u>, 176 A.3d 907, 926 (Pa. Super. 2017). It is apparent that

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

13

Plaintiffs' Amended Complaint describes the underlying litigation; however, there are not sufficient details to render it free from doubt that *res judicata* applies to the causes of action currently before this Court. As result, it is not proper to address Defendants' contention that Plaintiffs' claims are barred by the doctrine of *res judicata* at this stage of the proceedings.

Based upon the foregoing, Defendants' Preliminary Objections to Plaintiffs' Amended Complaint are sustained and the Counts contained within Plaintiffs' Amended Complaint are dismissed with prejudice.

53RD
DISTRICT

LWRENCE COUNTY
PENNSYLVANIA

FILED/ORIGINAL

2019 MAY 28 PM 2: 27

JODI KLABON-ESOLDO
PRO AND CLERK